

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2585 | **DATE** | 4/15/2002 |
| **CASE TITLE** | Helmut Judt vs. Phillip Robertson, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Accordingly, because from the flawed nature of the notice "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)), and because here that defect is further exacerbated by FFE's failure to conform to the requirement of Section 1446(a) that all served defendants must join in any removal, this action is sua sponte remanded to the Circuit Court. And as authorized by this District Court's LR 81.2(b), the Clerk is directed to mail the certified copy of the remand order forthwith.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | APR 16 2002 | |
| | Notified counsel by telephone. | date docketed | 7 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SN | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HELMUT JUDT, )
)
Plaintiff, )
)
v. ) No. 02 C 2585
)
PHILLIP ROBERTSON, et al., )
)
Defendants. )

DOCKETED APR 1 6 2002

DOCKETED APR 1 6 2002

MEMORANDUM ORDER

FFE Transportation Services, Inc. ("FFE") has filed what it labels "Defendant's Notice for Removal" ("Notice")[1] to bring this action from the Circuit Court of Cook County to this federal court. Because FFE's counsel have failed to establish the requisite diversity of citizenship (the asserted basis for removal) and because the Notice is otherwise defective, this memorandum order is being issued sua sponte to remand this action for lack of subject matter jurisdiction.

In that respect, although Notice ¶5 properly identifies both of FFE's states of citizenship in accordance with Section 1332(c)(1), Notice ¶¶4 and 6 speak only of the <u>residences</u> and not the states of <u>citizenship</u> of plaintiff Helmut Judt and co-

---

[1] As 28 U.S.C. §1446(a) and other portions of the removal statutes reflect, the correct term is really "notice <u>of</u> removal." FFE's counsel's mistake in that respect is no doubt attributable to the statutory change nearly 15 years ago from the old "petition for removal" label to the current term--a surmise that seems to be confirmed by the opening paragraph of the Notice, in which FFE's counsel mistakenly "<u>petition</u> for this action...to be removed...." Incidentally, all further references to Title 28 provisions will simply take the form "Section --."

defendant Phillip Robertson ("Robertson"). As taught by <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

In the instance of a removed action, of course, the appropriate order is not such a dismissal, but rather the remand of the action to the state court pursuant to Section 1447(c).

If what has been pointed out in the preceding paragraph were the only problematic aspect of the Notice, this Court would be disinclined to impose an additional $150 filing fee obligation on FFE, because it would seem likely that the just-identified defect may be curable (it is after all most common for an individual's states of residence and citizenship to coincide, though that is not always the case). In most cases, then, this Court tempers the <u>Held</u>-<u>Guaranty Nat'l</u> directive by granting a limited-time opportunity to file a curative submission. But in this instance FFE has committed still another error: It impermissibly acted alone, for the Notice has neither been joined in by Robertson nor has any explanation been given for his absence (see <u>Roe v. O'Donohue</u>, 38 F.3d 298, 301 (7th Cir. 1994)).

Accordingly, because from the flawed nature of the Notice "it appears that the district court lacks subject matter jurisdiction" (Section 1447(c)), and because here that defect is

2

further exacerbated by FFE'S failure (albeit nonjurisdictional) to conform to the requirement of Section 1446(a) that all served defendants must join in any removal,[2] this action is sua sponte remanded to the Circuit Court as directed by Section 1447(c). And as authorized by this District Court's LR 81.2(b), the Clerk of Court is directed to mail the certified copy of the remand order forthwith.

　　　　　　　　　　　　　　　／s/ Milton I. Shadur
　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　Senior United States District Judge

Date: April 15, 2002

---

　　[2] Alternatively, a notice that provides an explanation of a defendant's excusable absence may do the job (see Roe).

3